PETER L. CARR, IV (SBN 256104)
JASON O. SIAS (SBN 279196)
**SIAS | CARR, LLP**
3756 SANTA ROSALIA DR., SUITE 326
LOS ANGELES, CA 90008
TELEPHONE: (310) 400-5890
FACSIMILE:  (310) 400-5895
pcarr@siascarr.com
jsias@siascarr.com

Attorneys for Plaintiffs,
DENNIS TODD ROGERS, and
D.A.R. and D.J.R., minors, by and
through their guardian ad litem,
DORIS VELASQUEZ

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS TODD ROGERS, JR., D.A.R. and D.J.R., minors, by and through their Guardian Ad litem, DORIS VELASQUEZ, individually and as successors-in-interest to DENNIS ROGERS deceased,<br><br>　　　　　Plaintiffs,<br><br>　　　vs.<br><br>COUNTY OF LOS ANGELES; SHERIFF JIM MCDONNELL, in his individual and official capacity and DOES 1 through 50 inclusive,<br><br>　　　　　Defendants. | Case No.: #<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.　Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)<br>2.　Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)<br>3.　Substantive Due Process (42 U.S.C. § 1983)<br>4.　Interference with Parent-Child Relationship (42 U.S.C. § 1983)<br>5.　Custom, Practice or Policy Causing Violation of Civil |

Rights (42 U.S.C. § 1983)

6. False Arrest - Wrongful Death (Cal. Civ. Proc. Code § 377.60)

7. Battery - Wrongful Death (Cal. Govt. Code § 820)

8. Negligence – Wrongful Death (Cal. Govt. Code § 820)

9. Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1)

10. Violation of California Government Code § 845.6

11. Violation of ADA (Title II) and the Rehabilitation Act (42 U.S.C. § 1983)

Plaintiffs DENNIS TODD ROGERS, JR., and D.A.R. and D.J.R., minors, by and through their guardian ad litem, DORIS VELASQUEZ, Individually and as Successors in Interest to DENNIS ROGERS deceased, complains of Defendants COUNTY OF LOS ANGELES, a public entity, JIM MCDONNELL, individually and in his official capacity, and DOES 1-50 inclusive, as follows:

## JURISIDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States that include 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

2. This court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367 (a) because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

3. The venue is proper in the Central District of California pursuant to 28

U.S.C. §§ 1391(b) and (e).  This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## CLAIMS STATUTE REQUIREMENT

4.      On or about April 25, 2017, Plaintiffs filed a timely Governmental Claims for Damages before the Los Angeles County Superior Court. On or about April 26, 2017, said Claims for Damages was denied by the County of Los Angeles.  A true and correct copy of the April 26, 2017 Claim Denial is attached hereto as Exhibit "1".

## PARTIES

5.      At all relevant times herein, DENNIS ROGERS (hereinafter referred to as "MR. ROGERS" or "DECEDENT") was an individual residing in the City of Los Angeles, County of Los Angeles, California.

6.      At all relevant times herein, Plaintiff D.A.R. was a minor residing in the City of Richmond, County of Fox Bend, Texas and is the biological child of DECEDENT.  D.A.R. sues in her individual capacity and as a Successor in Interest to DENNIS ROGERS by and through her Guardian Ad Litem, DORIS VELASQUEZ.  DORIS VELASQUEZ is an individual residing in the City of Richmond, County of Fort Bend, Texas and is the natural mother to minors D.A.R. D.A.R. sues as the surviving child of DECEDENT pursuant to Section 377.60 of the California Code of Civil Procedure and as a Successor in Interest to DENNIS ROGERS.

7.      At all relevant times herein, Plaintiff D.J.R. was a minor residing in the City of Richmond, County of Fox Bend, Texas and is the biological child of DECEDENT.  D.J.R. sues in her individual capacity and as a Successor in Interest to DENNIS ROGERS by and through her Guardian Ad Litem, DORIS VELASQUEZ.  DORIS VELASQUEZ is an individual residing in the City of Richmond, County of Fort Bend, Texas and is the natural mother to minor D.J.R. D.J.R. sues as the surviving child of DECEDENT pursuant to Section 377.60 of the

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

1  California Code of Civil Procedure and as a Successor in Interest to DENNIS

2  ROGERS.

3  8.      At all relevant times herein, Plaintiff DENNIS TODD ROGERS, JR. was a

4  resident of the City of Richmond, County of Fox Bend, Texas and is the biological

5  child of DECEDENT.  DENNIS TODD ROGERS, JR. sues in his individual

6  capacity and as a Successor in Interest to DENNIS TODD ROGERS.

7  9.      At all times material herein, the Los Angeles County Sheriff's Department

8  ("LASD") was a department of the defendant COUNTY OF LOS ANGELES

9  ("COLA"), a public entity duly organized and existing under the laws of the State

10 of California, and was responsible for the hiring, retaining, training and supervision

11 of the conduct, policies and practices of its employees and agents of the LASD and

12 all of its members, agents and employees.

13 10.     Plaintiffs are informed and believe and thereon allege that at all relevant

14 times, SHERIFF JIM MCDONNELL was the Sherriff of the Los Angeles County

15 Sherriff's Department and is responsible for supervising all LASD officers, for

16 making sure that complaints of excessive force are adequately investigated and that

17 appropriate corrective action is taken and for maintaining and implementing the

18 policies regarding the use of force by the LASD and is directly responsible for

19 Plaintiffs' damages.  Defendant McDonnell is sued in his individual and official

20 capacity on all claims.

21 11.     Plaintiffs are informed, believe and based thereon allege that at all times

22 material herein, defendants DOES 1 through 50, inclusive, were each duly

23 appointed deputies employed as such by the defendant COUNTY OF LOS

24 ANGELES in its Sheriff's Department, and at the time of the acts hereinafter

25 complained of, each said defendant acted in the course and scope of such

26 employment and under color of law.  They are sued in their individual capacity.

27 12.     The true names of defendants DOES 1 through 50, inclusive, are not now

28 known to Plaintiffs, who therefore sues said defendants by such fictitious names;

upon ascertaining the true name of a DOE defendant, Plaintiffs will amend this complaint, or seek leave to do so, by substitution same for a said fictitious name. Plaintiffs are informed and believe, and based thereon allege, that each DOE defendant herein is in some manner responsible for the injuries and damages complained of herein.

13.    At all times material herein, each defendant acted as an employee, agent, representative and officer of every other defendant herein, and acted within the course and scope of such employment and agency.

## FACTS COMMON TO ALL COUNTS

14.    Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-14 as though set forth in full herein.

15.    On or about March 7, 2017, DENNIS ROGERS was shot and killed by Los Angeles County Sheriff's Department deputies ("DOE deputies") in the area of Slauson Avenue and La Cienega Boulevard.  Upon information and belief, MR. RODGERS had not committed any crime and the DOE deputies did not have probable cause to arrest Dennis.

16.    Upon information and belief, the Los Angeles County Sheriff's Department ("LASD") dispatched deputies to the location because they received a call to remove Dennis from a 24 Hour Fitness gym at the corner of Slauson Avenue and La Cienega Boulevard.  When the deputies arrived at the gym, MR. ROGERS complied with their orders and exited the gym.

17.    Upon information and belief, later that evening, LASD dispatched deputies to the same location to remove MR. ROGERS from the area outside of the gym. Upon arrival, the DOE deputies, individually and as peace officers, while acting in the course and scope of their employment with the County of Los Angeles, negligently assessed the circumstances presented to them and violently confronted MR. ROGERS despite knowing that he was in the midst of a mental health crisis and that he was not a threat to himself, the public or the deputies.

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

18.     Upon information and belief, a mental health professional in the area expressed to the deputies that MR. ROGERS was in the midst of a mental health crisis.  The mental health professional offered to use his professional skills to de-escalate the situation and help MR. ROGERS.

19.     Upon information and belief, recognizing that MR. ROGERS was in the midst of a mental health crisis, defendant DOE deputies called LASD's Mental Evaluation Team ("LASD MET"), the department's specially trained team to de-escalate confrontations with people who have severe mental illness.  However, defendant DOE deputies chose not to wait for LASD MET to arrive and chose to engage and confront MR. ROGERS despite having knowledge that MR. ROGERS was in the midst of a mental health crisis and that they needed specialized training to de-escalate the situation.

20.     Without warning, defendant DOE deputies, individually and as peace officers; proceeded to assault and batter MR. ROGERS by acts which included, but were not limited to, repeatedly and unjustifiably firing multiple deadly rounds from their department issued firearms, which proved to be fatal. MR. ROGERS died as a proximate and direct cause of gun-shot wounds.

21.     At no time during the course of these events did MR. ROGERS pose any reasonable threat of violence to the DOE deputies, nor did he do anything to justify the use of deadly, excessive, unreasonable, unlawful and unnecessary force against him, by the DOE deputies.

22.     In committing the acts alleged in this complaint, Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiffs, justifying an award of punitive damages under federal and California law against each individual defendant.

/ / /

/ / /

/ / /

## MONELL ALLEGATIONS

23.     Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COLA is liable for all injuries sustained by Plaintiffs set forth here in.  COLA bears liability because its policies, practices and/or customs were a cause of MR. ROGERS' death and Plaintiffs' injuries. COLA and its officials maintained or permitted one or more of the following official policies or customs:

A.     Failure to provide adequate training and supervision to sheriff deputies with respect to constitutional limits on the use of deadly force;

B.     Failure to provide adequate training and supervision to sheriff deputies with respect to constitutional limits on the use of force and detention.

C.     Failure to adequately investigate, take appropriate corrective action, discipline or retrain officers involved in misconduct;

D.     Selection, retention, and assignment of deputies with demonstrable propensities for excessive force, violence, dishonesty and other misconduct;

E.     Condonation and encouragement of deputies in the belief that they can violate the rights of persons, such as Mr. Rogers, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

F.     Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of conduct and the wrongful death of Mr. Rogers.

/ / /

/ / /

/ / /

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

**FIRST CAUSE OF ACTION**

**Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)**

**(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

**against all Defendants and DOES 1-50, inclusive except SHERIFF JIM**

**MCDONNELL)**

24.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

25.     Defendants, individually and as peace officers; caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26.     As a result of the conduct of Defendants, individually and as peace officers; they are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

27.     The DECEDENT was detained without reasonable suspicion and arrested without probable cause.

28.     The conduct of Defendants, individually and as peace officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

29.     Plaintiffs seek damages as successors-in-interest to DECEDENT and representative of the DECEDENT's estate.

30.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

## SECOND CAUSE OF ACTION

### Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

### (Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R against all Defendants and DOES 1-50, inclusive <u>except</u> SHERIFF JIM MCDONNELL)

31.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

32.     Defendants, individually and as peace officers, unjustified shooting deprived DECEDENT on his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.     The unreasonable use of force by Defendants, individually and as peace officers, deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which Plaintiffs are entitled to recover damages. Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

35.     As a result of the conduct of Defendants, individually and as peace officers, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent

these violations.

36.     Defendants, individually and as peace officers, knew or should have known that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing her great bodily harm and death.

37.     This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT had done nothing violent before, during and after he was shot to death. Defendants' actions, individually and as peace officers, thus deprived DECEDENT of her right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

38.     The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

39.     Plaintiffs seek damages as successors-in-interest to DECEDENT and as representatives of the DECEDENT's estate.

40.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

### Substantive Due Process (42 U.S.C. § 1983)

### (Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R against all Defendants and DOES 1-50, inclusive except SHERIFF JIM MCDONNELL)

41.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

42.     Plaintiffs have a cognizable interest under the Due Process Clause of the

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

43.    DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious.

44.    As a result of the shooting by Defendant DOE deputies, individually and as a peace officers, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

45.    Defendants, individually and as peace officers, acting under the color of state law, thus violated the Fourteenth Amendment of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

46.    The aforementioned actions of Defendants, individually and as peace officers, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

47.    As a direct and proximate cause of the acts of the Defendants, individually and as peace officers, DECEDENT experienced severe pain and suffering and lost his life and earning capacity for which THE ESTATE OF DENNIS TODD ROGERS. is entitled to recover damages. Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

48.    The conduct of Defendants, individually and as peace officers, was willful,

wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

49.     Plaintiffs seek punitive damages.

50.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**

**Interference with Familial Relationship and**

**Freedom of Association (42 U.S.C. § 1983)**

**(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

**against all Defendants and DOES 1-50, inclusive except SHERIFF JIM**

**MCDONNELL)**

51.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

52.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father, DECEDENT.

53.     As a result of the excessive force by Defendants, individually and as peace officers; and the failure of Defendants to intervene, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right and familial relationship with DECEDENT.

54.     Defendants, individually and as peace officers, acting under color of state law, thus violated the Fourteenth and Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

55.     The aforementioned actions of Defendants, individually and as peace

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

officers, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

56.     As a direct and proximate cause of the acts of Defendants, individually and as peace officers, Plaintiffs have also been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

57.     The conduct of Defendants, individually and as peace officers, and was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

58.     Decedent's successors-in-interest seek wrongful death damages under this claim.

## FIFTH CAUSE OF ACTION

### Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)

### (Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R

### against all Defendants and DOES 1-50)

59.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

60.     On or about May 7, 2016, Defendant DOE deputies' action under the color of state law in their personal capacity deprived DECEDENT of the rights, privileges, and immunities secured by the Fourth Amendment right against unreasonable searches and seizures, Eighth Amendment right against cruel and unusual punishment under the United Sates Constitution, by maintaining and enforcing a custom, policy, or practice of negligently hiring, retaining, training, assigning,

1  supervising and disciplining medical personnel who are predisposed to unlawfully

2  detain and/or arrest DECEDENT, deny access to medical attention or fail to provide

3  medical attention for serious medical conditions, and of permitting, condoning, and

4  ratifying violations by its officers and other medical providers.

5  61.     On or about March 7, 2017, and for some time prior thereto and since that

6  time, Defendants have condoned, tolerated, and accepted:

7       a.     the deliberate indifference in the use of excessive force to effect lawful

8             arrests and detention of citizens, the unlawful arrests and detention of

9             citizens, denial of medical attention, access to medical care, and

10             treatment to detainees.

11       b.     the deprivation of access to the courts by engaging in a cover-up of

12             violations of constitutional rights, to wit: allowing, tolerating, and/or

13             encouraging officers/agents to file false reports, make false statements,

14             obstruct and/or interfere with investigations of unconstitutional or

15             unlawful conduct, by withholding and/or concealing material

16             information, and evidence, and ignoring and/or failing to adequately

17             investigate and discipline unconstitutional or unlawful activity.

18  62.     Said acts and omissions, practices, customs, or policies by Defendants were

19  the driving force behind the violation of constitutional rights and damages

20  complained of herein by Plaintiffs.

21  **SIXTH CAUSE OF ACTION**

22  **False Arrest – Wrongful Death**

23  **(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

24  **against all Defendants and DOES 1-50, inclusive <u>except</u> SHERIFF JIM**

25  **MCDONNELL)**

26  63.     Plaintiffs incorporate by reference each and every allegation contained in the

27  foregoing paragraphs, as well as any subsequent paragraphs contained in the

28  Complaint, as if fully set forth herein.

**SIAS | CARR** LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

64.     Defendants, individually and as peace officers, while working as sheriff deputies for COUNTY, and acting within the scope of their duties, intentionally deprived DECEDENT of her freedom of movement by use of force, including deadly force, threats of force, menace, fraud, deceit and unreasonable duress. Defendants, individually and as peace officers, also detained DECEDENT. Said detention was made without reasonable suspicion. There was an attempt to arrest DECEDENT. Said arrest was attempted without probable cause.

65.     DECEDENT did not knowingly or voluntarily consent.

66.     The conduct of Defendants, individually and as peace officers; and was a substantial factor in causing the harm to DECEDENT.

67.     COUNTY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers; pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

68.     The conduct of Defendants, individually and as peace officers; was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

69.     Plaintiffs were dependent on the DECEDENT, including financially dependent.

70.     Plaintiffs are seeking wrongful death damages under this claim.

## SEVENTH CAUSE OF ACTION

### Battery – Wrongful Death (Cal. Govt. Code § 820)

### (Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R against all Defendants and DOES 1-50, inclusive <u>except</u> SHERIFF JIM MCDONNELL)

71.     Plaintiffs incorporate by reference each and every allegation contained in the

foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

72.     Defendant DOE deputies, individually and as a peace officers, while working as sheriff deputies for the COUNTY Sheriffs Department, and acting within the course and scope of their duties, intentionally shot DECEDENT to death. As a result of the actions by the Defendant OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from her injuries and lost earning capacity for which the Plaintiffs are entitled to recover damages. Defendants had no legal justification for using force against DECEDENT, and said defendants' force was unreasonable, especially since DECEDENT did not commit any crime when she was shot to death.

73.     As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

74.     COUNTY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75.     The conduct of Defendants, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

76.     Plaintiffs were dependent on the DECEDENT, including financially

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

1   dependent.

2   77.    Plaintiffs are seeking wrongful death damages under this claim.

3   **EIGHTH CAUSE OF ACTION**

4   **Negligence– Wrongful Death (Cal. Govt. Code § 820)**

5   **(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

6   **against all Defendants and DOES 1-50, inclusive <u>except</u> SHERIFF JIM**

7   **MCDONNELL)**

8   78.    Plaintiffs incorporate by reference each and every allegation contained in the

9   foregoing paragraphs, as well as any subsequent paragraphs contained in the

10  Complaint, as if fully set forth herein.

11  79.    The actions and inactions of the Defendants, individually and as peace

12  officers; were negligent and reckless, including but not limited to:

13          a.  The failure to properly assess the need to detain, arrest, and use force
14              or deadly force against DECEDENT;

15          b.  The negligent tactics and handling of the situation with DECEDENT;

16          c.  The negligent detention, arrest, and use of force, including deadly
17              force, against DECEDENT;

18          d.  The failure to provide prompt medical care to DECEDENT;

19          e.  The failure to properly train and supervise employees, both
20              professional and non-professional, including Defendants.

21          f.  The failure to ensure that adequate numbers of employees with
22              appropriate education and training were available to meet the needs of
23              and protect the rights of DECEDENT;

24          g.  The negligent handling of evidence and witnesses.

25  80.    As a direct and proximate result of defendants' conduct as alleged above, and

26  other undiscovered negligent conduct, DECEDENT was caused to suffer severe

27  pain and suffering and ultimately died and lost earning capacity for which Plaintiffs

28  are entitled to recover damages. Also as a direct and proximate result of defendants'

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

conduct alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

81.    COUNTY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82.    Plaintiffs were dependent on the DECEDENT, including financially dependent.

83.    Plaintiffs are seeking wrongful death damages under this claim.

### NINTH CAUSE OF ACTION

### Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1)

### (Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R against all Defendants and DOES 1-50, inclusive except SHERIFF JIM MCDONNELL)

84.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

85.    As alleged herein, Defendants interfered by threats, intimidation, or coercion with DECEDENT's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under California Civil Code § 43, California Penal Code §§ 149, 240 and 242, and his rights under the Fourth and Fourteenth Amendments to the United

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

States Constitution and their rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

86.     The Eighth Amendment to the United States Constitution and Article I of the California Constitution guarantee the right of persons to be free from cruel and unusual punishment.  Defendants, by engaging in deliberate indifference to DECEDENT's serious medical needs, interfered with DECEDENT's enjoyment of his rights under federal and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

87.     Defendants' conduct caused DECEDENT extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, friends and family.

88.     As a result of their conduct, Defendants are liable for DECEDENT's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

89.     As a direct and proximate cause of the aforementioned Defendants' acts, Mr. Rogers was injured, suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained.

90.     Plaintiffs brings this claim as successors-in-interest for DECEDENT's estate and seeks statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.

/ / /

/ / /

/ / /

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

**TENTH CAUSE OF ACTION**

**Violation of California Government Code § 845.6**

**(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

**against all Defendants and DOES 1-50, inclusive <u>except</u> SHERIFF JIM**

**MCDONNELL)**

91.　　Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

92.　　Defendants knew or had reason to know that DECEDENT was in need of immediate medical care and failed to take reasonable action to summon such medical care.

93.　　As a direct and proximate cause of the aforementioned Defendants' acts, DECEDENT was injured as set forth above.

94.　　Plaintiffs' injuries entitle them to damages pursuant to California Government Code § 845.6.

**ELVENENTH CAUSE OF ACTION**

**Violation of ADA (Title II) and the Rehabilitation Act (42 U.S.C. § 1983)**

**(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

**against all Defendants and DOES 1-50, inclusive <u>except</u> SHERIFF JIM**

**MCDONNELL)**

95.　　Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

96.　　DECEDENT was a "qualified individual," with a mental illness and disability and medical impairments that limited and/or substantially limited his ability to care for himself and control his mental, medical or physical health condition as defined under the ADA, 42 U.S.C. § 12131 (2), under Section 504 of

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

the Rehabilitation Act of 1973, 29 U.S.C. § 794, 28 C.F.R. 42.540 (k) and qualified as an individual with a mental and physical disability under California law.

97.   Defendants policing activities fall within the definition of "services, programs, or services" covered be the Rehabilitation Act, 29 U.S.C. § 794 (b), which have been interpreted to encompass anything that a public entity does.

98.   Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101 (a)(2).

99.   Defendant COUNTY is mandated under the ADA not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182 (a).

100.   42 U.S.C. § 12182 (b)(1)(A)(iii) provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals."

101.   DECEDENT was discriminated against in the provision of appropriate medical and/or mental health care services because of his disability in that he was no provided adequate services to accommodate his disability and treatment needs.

102.   Recognizing that MR. ROGERS was in the midst of a mental health crisis, defendant DOE deputies called LASD's Mental Evaluation Team ("LASD MET"), the department's specially trained team to de-escalate confrontations with people who have severe mental illness.

103.   However, defendant DOE deputies discriminated against DECEDENT by not to waiting for LASD MET to arrive so that they could de-escalate the situation. Instead, defendant DOE deputies chose to engage and confront DECEDENT

despite having knowledge that MR. ROGERS was in the midst of a mental health crisis and not causing a threat to himself or any other individuals.

104.   DECEDENT was denied the benefits of the services of LASD Mental Evaluation Team which deprived him of mental health services which would have provided delivery of treatment, de-escalation, and supervision.  This denial was the result of his disability in that he was discriminated against because he was mentally ill, in that he suffered from conditions in which a person, as a result of a mental disorder, is unable to provide for his basic needs and unable to advocate for himself.

**PRAYER**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

1.   For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2.   For special damages according to proof;

3.   For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;

4.   For attorney's fees pursuant to 42 U.S.C. § 1983 & Civ. Code § 52.1(h);

5.   For costs of suit;

6.   For such other and further relief as the Court may deem proper.


Dated: July 14, 2017                    **SIAS | CARR LLP**


/s/ *Peter L. Carr*
_____
Peter L. Carr, IV
Attorney for Plaintiffs


/ / /
/ / /
/ / /

SIAS | CARR LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully demand a trial by jury on all issues and claims.

Dated: July 14, 2017                                    **SIAS | CARR LLP**

                                                        /s/ *Peter L. Carr*
                                                        Peter L. Carr, IV
                                                        Attorney for Plaintiffs