Peter L. Carr, IV (SBN 256104)
pcarr@thePLClawgroup.com
Na'Shaun L. Neal (SBN 284280)
nneal@thePLClawgroup.com
**PLC LAW GROUP, APC**
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008
Telephone:   (310) 400-5890
Facsimile:    (310) 400-5895
Attorneys for Plaintiffs,
DENNIS TODD ROGERS, and
D.A.R. and D.J.R., minors, by and
through their guardian ad litem,
DORIS VELASQUEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS TODD ROGERS, JR., D.A.R. and D.J.R., minors, by and through their Guardian Ad litem, DORIS VELASQUEZ, individually and as successors-in-interest to DENNIS ROGERS deceased,<br><br>    Plaintiffs,<br><br>  vs.<br><br>COUNTY OF LOS ANGELES; SHERIFF JIM MCDONNELL, in his individual and official capacity and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No.: 2:17-CV-05236-AB-E<br><br>**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)<br>2. Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process (42 U.S.C. § 1983)<br>4. Interference with Parent-Child Relationship (42 U.S.C. § 1983)<br>5. Custom, Practice or Policy Causing Violation of Civil |

*Sidebar (vertical text):* 3756 Santa Rosalia Drive, Ste#326 | Los Angeles, CA 90008 | T: (310) 400-5890 | F: (310) 400-5895

Rights (42 U.S.C. § 1983)
6. False Arrest - Wrongful Death
   (Cal. Civ. Proc. Code §
   377.60)
7. Battery - Wrongful Death
   (Cal. Govt. Code § 820)
8. Negligence – Wrongful Death
   (Cal. Govt. Code § 820)

Plaintiffs DENNIS TODD ROGERS, JR., and D.A.R. and D.J.R., minors, by and through their guardian ad litem, DORIS VELASQUEZ, Individually and as Successors in Interest to DENNIS ROGERS deceased, complains of Defendants COUNTY OF LOS ANGELES, a public entity, DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN BOSTIC, DEPUTY LEONARD GARCIA and DEPUTY LEE MCCULLOGH, individually and in his official capacity, and DOES 1-10 inclusive, as follows:

## JURISIDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States that include 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

2. This court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367 (a) because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

3. The venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895
PLC LAW GROUP, APC

## CLAIMS STATUTE REQUIREMENT

4.     On or about April 25, 2017, Plaintiffs filed a timely Governmental Claims for Damages before the Los Angeles County Superior Court. On or about April 26, 2017, said Claims for Damages was denied by the County of Los Angeles.  A true and correct copy of the April 26, 2017 Claim Denial is attached hereto as Exhibit "1".

## PARTIES

5.     At all relevant times herein, DENNIS ROGERS (hereinafter referred to as "MR. ROGERS" or "DECEDENT") was an individual residing in the City of Los Angeles, County of Los Angeles, California.

6.     At all relevant times herein, Plaintiff D.A.R. was a minor residing in the City of Richmond, County of Fox Bend, Texas and is the biological child of DECEDENT.  D.A.R. sues in her individual capacity and as a Successor in Interest to DENNIS ROGERS by and through her Guardian Ad Litem, DORIS VELASQUEZ.  DORIS VELASQUEZ is an individual residing in the City of Richmond, County of Fort Bend, Texas and is the natural mother to minors D.A.R. D.A.R. sues as the surviving child of DECEDENT pursuant to Section 377.60 of the California Code of Civil Procedure and as a Successor in Interest to DENNIS ROGERS.

7.     At all relevant times herein, Plaintiff D.J.R. was a minor residing in the City of Richmond, County of Fox Bend, Texas and is the biological child of DECEDENT.  D.J.R. sues in her individual capacity and as a Successor in Interest to DENNIS ROGERS by and through her Guardian Ad Litem, DORIS VELASQUEZ.  DORIS VELASQUEZ is an individual residing in the City of Richmond, County of Fort Bend, Texas and is the natural mother to minor D.J.R. D.J.R. sues as the surviving child of DECEDENT pursuant to Section 377.60 of the California Code of Civil Procedure and as a Successor in Interest to DENNIS ROGERS.

8.     At all relevant times herein, Plaintiff DENNIS TODD ROGERS, JR. was a resident of the City of Richmond, County of Fox Bend, Texas and is the biological child of DECEDENT.  DENNIS TODD ROGERS, JR. sues in his individual capacity and as a Successor in Interest to DENNIS TODD ROGERS.

9.     At all times material herein, the Los Angeles County Sheriff's Department ("LASD") was a department of the defendant COUNTY OF LOS ANGELES ("COLA" or "COUNTY"), a public entity duly organized and existing under the laws of the State of California, and was responsible for the hiring, retaining, training and supervision of the conduct, policies and practices of its employees and agents of the LASD and all of its members, agents and employees.

10.     Plaintiffs are informed, believe and based thereon allege that at all times material herein, defendant DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN BOSTIC, DEPUTY LEE MCCULLOGH and DEPUTY LEONARD GARCIA, and DOES 4 through 10, inclusive, were each duly appointed deputies employed as such by the defendant COUNTY OF LOS ANGELES in its Sheriff's Department, and at the time of the acts hereinafter complained of, each said defendant acted in the course and scope of such employment and under color of law.  They are sued in their individual capacity.

11.     The true names of defendants DOES 4 through 10, inclusive, are not now known to Plaintiffs, who therefore sues said defendants by such fictitious names; upon ascertaining the true name of a DOE defendant, Plaintiffs will amend this complaint, or seek leave to do so, by substitution same for a said fictitious name. Plaintiffs are informed and believe, and based thereon allege, that each DOE defendant herein is in some manner responsible for the injuries and damages complained of herein.

12.     At all times material herein, each defendant acted as an employee, agent, representative and officer of every other defendant herein, and acted within the course and scope of such employment and agency.

## **FACTS COMMON TO ALL COUNTS**

13.     Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-14 as though set forth in full herein.

14.     On or about March 7, 2017, DENNIS ROGERS was shot and killed by defendants DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN BOSTIC, DEPUTY LEE MCCULLOGH and DEPUTY LEONARD GARCIA ("Defendant Deputies") in a parking lot adjacent to a 24 Hour Fitness gym in Los Angeles, CA.  Upon information and belief, MR. ROGERS had not committed any crime and the DOE deputies did not have probable cause to arrest Dennis.

15.     Upon information and belief, the Los Angeles County Sheriff's Department ("LASD") dispatched deputies to the location because they received a call to remove Dennis from a 24 Hour Fitness gym located at the corner of Slauson Avenue and La Cienega Boulevard.  When the deputies arrived at the gym, MR. ROGERS complied with their orders and exited the gym.

16.     Upon information and belief, later that evening, LASD dispatched deputies to the same location to remove MR. ROGERS from the area outside of the gym. Upon arrival, the Defendant Deputies, individually and as peace officers, while acting in the course and scope of their employment with the County of Los Angeles, negligently assessed the circumstances presented to them and violently confronted MR. ROGERS despite knowing that he was in the midst of a mental health crisis and that he was not a threat to himself, the public or the deputies.

17.     Upon information and belief, a mental health professional in the area expressed to the deputies that MR. ROGERS was in the midst of a mental health crisis.  The mental health professional offered to use his professional skills to de-escalate the situation and help MR. ROGERS.

18.     Upon information and belief, recognizing that MR. ROGERS was in the midst of a mental health crisis, Defendant Deputies called LASD's Mental Evaluation Team ("LASD MET"), the department's specially trained team to de-

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

PLC
LAW GROUP, APC

escalate confrontations with people who have severe mental illness.  However, Defendant Deputies chose not to wait for LASD MET to arrive and chose to engage and confront MR. ROGERS despite having knowledge that MR. ROGERS was in the midst of a mental health crisis and that they needed specialized training to de-escalate the situation.

19.     Without warning, defendant Deputies, individually and as peace officers; proceeded to assault and batter MR. ROGERS by acts which included, but were not limited to, tazing MR. ROGERS and repeatedly and unjustifiably firing multiple deadly rounds from their department issued firearms, which proved to be fatal. MR. ROGERS died as a proximate and direct cause of gun-shot wounds.

20.     Upon information and belief, MR. ROGERS did not immediately die after he was shot but suffered in agony and pain for a significant amount of time prior to succumbing to his injuries.  Defendant Deputies did not provide any medical treatment to MR. ROGERS after shooting him.  Instead, they allowed him to bleed out in the parking lot.

21.     At no time during the course of these events did MR. ROGERS pose any reasonable threat of violence to the Defendant Deputies, nor did he do anything to justify the use of deadly, excessive, unreasonable, unlawful and unnecessary force against him, by the Defendant Deputies.

22.     In committing the acts alleged in this complaint, Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiffs, justifying an award of punitive damages under federal and California law against each individual defendant.

## MONELL ALLEGATIONS

23.     Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COLA is liable for all injuries sustained by Plaintiffs set forth herein.  COLA bears liability because its policies, practices and/or customs were a cause of MR. ROGERS' death and Plaintiffs' injuries.

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

COLA and its officials maintained or permitted one or more of the following official policies or customs:

A.      Failure to provide adequate training and supervision to sheriff deputies with respect to constitutional limits on the use of deadly force;

B.      Failure to provide adequate training and supervision to sheriff deputies with respect to constitutional limits on the use of force and detention.

C.      Failure to adequately investigate, take appropriate corrective action, discipline or retrain officers involved in misconduct;

D.      Selection, retention, and assignment of deputies with demonstrable propensities for excessive force, violence, dishonesty and other misconduct;

E.      Condonation and encouragement of deputies in the belief that they can violate the rights of persons, such as MR. ROGERS, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

F.      Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of conduct and the wrongful death of MR. ROGERS.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)**

**(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R against Defendants DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN BOSTIC, DEPUTY LEONARD GARCIA and DEPUTY LEE MCCULLOGH)**

24.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

25.     Defendant Deputies, individually and as peace officers, caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

1  unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth

2  Amendment to the United States Constitution and applied to state actors by the

3  Fourteenth Amendment.

4  26.    As a result of the conduct of Defendant Deputies, individually and as peace

5  officers; they are liable for DECEDENT's injuries, either because they were

6  integral participants in the wrongful detention and arrest, or because they failed to

7  intervene to prevent violations.

8  27.    The DECEDENT was detained without reasonable suspicion and arrested

9  without probable cause.

10  28.    The conduct of Defendant Deputies, individually and as peace officers was

11  willful, wanton, malicious, and done with reckless disregard for the rights and

12  safety of DECEDENT and therefore warrants the imposition of exemplary and

13  punitive damages as to Defendants.

14  29.    Plaintiffs seek damages as successors-in-interest to DECEDENT and

15  representative of the DECEDENT's estate.

16  30.    Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. §

17  1988.

18  **SECOND CAUSE OF ACTION**

19  **Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)**

20  **(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

21  **against all Defendants DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN**

22  **BOSTIC, DEPUTY LEONARD GARCIA and DEPUTY LEE**

23  **MCCULLOGH)**

24  31.    Plaintiffs incorporate by reference each and every allegation contained in the

25  foregoing paragraphs, as well as any subsequent paragraphs contained in the

26  Complaint, as if fully set forth herein.

27  32.    Defendant Deputies, individually and as peace officers, unjustified shooting

28  deprived DECEDENT on his right to be secure in his person against unreasonable

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.     The unreasonable use of force by Defendants, individually and as peace officers, deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which Plaintiffs are entitled to recover damages. Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

35.     As a result of the conduct of Defendant Deputies, individually and as peace officers, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

36.     Defendant Deputies, individually and as peace officers, knew or should have known that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing her great bodily harm and death.

37.     This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT had done nothing violent before, during and after he was shot to death. Defendants' actions, individually and as peace officers, thus deprived DECEDENT of her right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by

1   the Fourteenth Amendment.

2   38.     The conduct of Defendant Deputies, individually and as peace officers, was

3   willful, wanton, malicious, and done with reckless disregard for the rights and

4   safety of DECEDENT and therefore warrants the imposition of exemplary and

5   punitive damages as to Defendants.

6   39.     Plaintiffs seek damages as successors-in-interest to DECEDENT and as

7   representatives of the DECEDENT's estate.

8   40.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. §

9   1988.

### THIRD CAUSE OF ACTION

### Substantive Due Process (42 U.S.C. § 1983)

### (Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R

### against all Defendants DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN

### BOSTIC, DEPUTY LEONARD GARCIA and DEPUTY LEE

### MCCULLOGH)

16   41.     Plaintiffs incorporate by reference each and every allegation contained in the

17   foregoing paragraphs, as well as any subsequent paragraphs contained in the

18   Complaint, as if fully set forth herein.

19   42.     Plaintiffs have a cognizable interest under the Due Process Clause of the

20   Fourteenth Amendment of the United States Constitution to be free from state

21   actions that deprive them from life, liberty, or property in such a manner as to shock

22   the conscious, including but not limited to, unwarranted state interference in

23   Plaintiffs' familial relationship with DECEDENT.

24   43.     DECEDENT had a cognizable interest under the Due Process Clause of the

25   Fourteenth Amendment of the United States Constitution to be free from state

26   actions that deprive them from life, liberty, or property in such a manner as to shock

27   the conscious.

28   44.     As a result of the shooting by Defendant Deputies, individually and as a

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895
PLC LAW GROUP, APC

peace officers, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

45.     Defendant Deputies, individually and as peace officers, acting under the color of state law, thus violated the Fourteenth Amendment of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

46.     The aforementioned actions of Defendant Deputies, individually and as peace officers, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

47.     As a direct and proximate cause of the acts of the Defendant Deputies, individually and as peace officers, DECEDENT experienced severe pain and suffering and lost his life and earning capacity for which THE ESTATE OF DENNIS TODD ROGERS. is entitled to recover damages. Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

48.     The conduct of Defendant Deputies, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant Deputies.

49.     Plaintiffs seek punitive damages.

50.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

/ / /

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

**FOURTH CAUSE OF ACTION**

**Interference with Familial Relationship and**

**Freedom of Association (42 U.S.C. § 1983)**

**(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

**against all Defendants DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN**

**BOSTIC, DEPUTY LEONARD GARCIA and DEPUTY LEE**

**MCCULLOGH)**

51.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

52.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father, DECEDENT.

53.     As a result of the excessive force by Defendant Deputies, individually and as peace officers; and the failure of Defendants to intervene, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right and familial relationship with DECEDENT.

54.     Defendant Deputies, individually and as peace officers, acting under color of state law, thus violated the Fourteenth and Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

55.     The aforementioned actions of Defendant Deputies, individually and as peace officers, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

56.     As a direct and proximate cause of the acts of Defendant Deputies,

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895
PLC LAW GROUP, APC

1  individually and as peace officers, Plaintiffs have also been deprived of the life-long

2  comfort, support, society, care and sustenance of DECEDENT, and will continue to

3  be so deprived for the remainder of their natural lives. Plaintiffs are also claiming

4  funeral and burial expenses, loss of gifts and benefits and a loss of financial

5  support.

6  57.     The conduct of Defendant Deputies, individually and as peace officers, and

7  was malicious, oppressive and in reckless disregard for the rights and safety of

8  DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and

9  punitive damages as to Defendants.

10  58.     Decedent's successors-in-interest seek wrongful death damages under this

11  claim.

12  **FIFTH CAUSE OF ACTION**

13  **Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)**

14  **(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

15  **against Defendant COUNTY OF LOS ANGELES)**

16  59.     Plaintiffs incorporate by reference each and every allegation contained in the

17  foregoing paragraphs, as well as any subsequent paragraphs contained in the

18  Complaint, as if fully set forth herein.

19  60.     On or about March 7, 2017, Defendant Deputies' action under the color of

20  state law in their personal capacity deprived DECEDENT of the rights, privileges,

21  and immunities secured by the Fourth Amendment right against unreasonable

22  searches and seizures, Eighth Amendment right against cruel and unusual

23  punishment under the United Sates Constitution, by maintaining and enforcing a

24  custom, policy, or practice of negligently hiring, retaining, training, assigning,

25  supervising and disciplining medical personnel who are predisposed to unlawfully

26  detain and/or arrest DECEDENT, deny access to medical attention or fail to provide

27  medical attention for serious medical conditions, and of permitting, condoning, and

28  ratifying violations by its officers and other medical providers.

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

61.     On or about March 7, 2017, and for some time prior thereto and since that time, Defendants have condoned, tolerated, and accepted:

    a.     the deliberate indifference in the use of excessive force to effect lawful arrests and detention of citizens, the unlawful arrests and detention of citizens, denial of medical attention, access to medical care, and treatment to detainees.

    b.     the deprivation of access to the courts by engaging in a cover-up of violations of constitutional rights, to wit: allowing, tolerating, and/or encouraging officers/agents to file false reports, make false statements, obstruct and/or interfere with investigations of unconstitutional or unlawful conduct, by withholding and/or concealing material information, and evidence, and ignoring and/or failing to adequately investigate and discipline unconstitutional or unlawful activity.

62.     Said acts and omissions, practices, customs, or policies by Defendants were the driving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

**SIXTH CAUSE OF ACTION**

**False Arrest**

**(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R against all Defendants DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN BOSTIC, DEPUTY LEONARD GARCIA and DEPUTY LEE MCCULLOGH)**

63.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

64.     Defendants, individually and as peace officers, while working as sheriff deputies for COUNTY, and acting within the scope of their duties, intentionally deprived DECEDENT of her freedom of movement by use of force, including

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895
PLC LAW GROUP, APC

1 deadly force, threats of force, menace, fraud, deceit and unreasonable duress.

2 Defendants, individually and as peace officers, also detained DECEDENT. Said

3 detention was made without reasonable suspicion. There was an attempt to arrest

4 DECEDENT. Said arrest was attempted without probable cause.

5 65.    DECEDENT did not knowingly or voluntarily consent.

6 66.    The conduct of Defendants, individually and as peace officers; and was a

7 substantial factor in causing the harm to DECEDENT.

8 67.    COUNTY is vicariously liable for the wrongful acts of Defendants,

9 individually and as peace officers; pursuant to section 815.2(a) of the California

10 Government Code, which provides that a public entity is liable for injuries causes

11 by its employees within the scope of the employment if the employee's act would

12 subject him or her to liability.

13 68.    The conduct of Defendants, individually and as peace officers; was

14 malicious, wanton, oppressive, and accomplished with a conscious disregard for the

15 rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive

16 damages.

17 69.    Plaintiffs were dependent on the DECEDENT, including financially

18 dependent.

19 70.    Plaintiffs are seeking wrongful death damages under this claim.

20 **SEVENTH CAUSE OF ACTION**

21 **Battery (Cal. Govt. Code § 820)**

22 **(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

23 **against all Defendants DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN**

24 **BOSTIC, DEPUTY LEONARD GARCIA and DEPUTY LEE**

25 **MCCULLOGH)**

26 71.    Plaintiffs incorporate by reference each and every allegation contained in the

27 foregoing paragraphs, as well as any subsequent paragraphs contained in the

28 Complaint, as if fully set forth herein.

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

72.     Defendant Deputies, individually and as a peace officers, while working as sheriff deputies for the COUNTY, and acting within the course and scope of their duties, intentionally shot DECEDENT to death. As a result of the actions by the Defendant OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from her injuries and lost earning capacity for which the Plaintiffs are entitled to recover damages. Defendants had no legal justification for using force against DECEDENT, and said defendants' force was unreasonable, especially since DECEDENT did not commit any crime when she was shot to death.

73.     As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

74.     COUNTY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75.     The conduct of Defendants, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

76.     Plaintiffs were dependent on the DECEDENT, including financially dependent.

77.     Plaintiffs are seeking wrongful death damages under this claim.

/ / /

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

**EIGHTH CAUSE OF ACTION**

**Negligence (Cal. Govt. Code § 820)**

**(Plaintiffs DENNIS TODD ROGERS JR., and Minors D.A.R and D.J.R**

**against all Defendants DEPUTY RYAN IMAIZUMI, DEPUTY BRYAN**

**BOSTIC, DEPUTY LEONARD GARCIA and DEPUTY LEE**

**MCCULLOGH)**

78.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

79.     The actions and inactions of the Defendants, individually and as peace officers; were negligent and reckless, including but not limited to:

      a.   The failure to properly assess the need to detain, arrest, and use force or deadly force against DECEDENT;

      b.   The negligent tactics and handling of the situation with DECEDENT;

      c.   The negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

      d.   The failure to provide prompt medical care to DECEDENT;

      e.   The failure to properly train and supervise employees, both professional and non-professional, including Defendants.

      f.   The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

      g.   The negligent handling of evidence and witnesses.

80.     As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity for which Plaintiffs are entitled to recover damages. Also as a direct and proximate result of defendants' conduct alleged above, Plaintiffs suffered extreme and severe mental anguish and

1   pain and have been injured in mind and body. Plaintiffs also have been deprived of

2   the life-long love, companionship, comfort, support, society, care and sustenance of

3   DECEDENT, and will continue to be so deprived for the remainder of their natural

4   lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and

5   benefits and loss of financial support.

6   81.     COUNTY is vicariously liable for the wrongful acts of Defendants,

7   individually and as peace officers, pursuant to section 815.2(a) of the California

8   Government Code, which provides that a public entity is liable for injuries causes

9   by its employees within the scope of the employment if the employee's act would

10  subject him or her to liability.

11  82.     Plaintiffs were dependent on the DECEDENT, including financially

12  dependent.

13  83.     Plaintiffs are seeking wrongful death damages under this claim.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895

PLC
LAW GROUP, APC

1

## PRAYER

2          WHEREFORE, Plaintiffs requests entry of judgment in their favor and

3   against Defendants as follows:

4   1.      For compensatory (or general) damages, including pain and suffering, in an

5   amount exceeding the minimum jurisdictional requirement of this Court according

6   to proof;

7   2.      For special damages according to proof;

8   3.      For punitive damages as provided by federal and state law, in an amount to

9   be proved against each individual Defendant;

10  4.      For prejudgment interest;

11  5.      For attorney's fees pursuant to 42 U.S.C. § 1983 & Civ. Code § 52.1(h);

12  6.      For reasonable costs of this suit incurred herein;

13  7.      For such other and further relief as the Court may deem just, proper and

14  appropriate.

15

16  Dated: July 3, 2018                    **PLC LAW GROUP, APC**

17                                          /s/ *Peter L. Carr*

18                                         _____
                                           Peter L. Carr, IV
19                                         Na'Shaun L. Neal
20                                         Attorney for Plaintiffs

21                                 **<u>DEMAND FOR JURY TRIAL</u>**

22          Plaintiffs hereby respectfully demand a trial by jury on all issues and claims.

23

24  Dated: July 3, 2018                    **PLC LAW GROUP, APC**

25

26                                          /s/ *Peter L. Carr*

27                                         _____
                                           Peter L. Carr, IV
                                           Na'Shaun L. Neal
28                                         Attorney for Plaintiffs

3756 Santa Rosalia Drive, Ste#326
Los Angeles, CA 90008
T: (310) 400-5890 | F: (310) 400-5895